UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KELLY KECK,

       Plaintiff,

v.                                     Case No. 06-13438
                                        Honorable Patrick J. Duggan

LIBERTY MUTUAL/LIBERTY LIFE
ASSURANCE COMPANY OF BOSTON,

       Defendant.
_____/

## CORRECTED OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on _____.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
                  U.S. DISTRICT COURT JUDGE

Plaintiff filed this action seeking long term disability benefits under a disability insurance policy issued by Defendant.  In her complaint, Plaintiff alleges the following claims: (I) benefits due under 29 U.S.C. § 1132(a)(1)(B); (II) breach of fiduciary duty under 29 U.S.C. §§ 1104(a)(1)(D) and 1132(a)(2); (III) breach of fiduciary duty under 29 U.S.C. §§ 1104(a)(1)(A) and 1132(a)(2); (IV) claim to enjoin action under 29 U.S.C. § 1132(a)(3); and (V) violation of the Michigan Consumer Protection Act.  Presently before the Court is Defendant's motion to dismiss Counts II through V of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), filed September 8, 2006.

Defendant electronically filed and served Plaintiff with its motion to dismiss on

September 8, 2006.  This Court sent a notice to the parties on September 12, 2006,

indicating that the motion to dismiss had been filed and reminding them of the provisions

of Eastern District of Michigan Local Rule 7.1, specifically subsection (d) which provides

that "[a] response to a dispositive motion must be filed within 21 days after service of the

motion. Nevertheless, Plaintiff has not responded to the motion.

Defendant contends that Plaintiff's breach of fiduciary claims are precluded by

Supreme Court precedent.  Specifically, Defendant relies on *Massachusetts Mutual Life*

*Insurance Company v. Russell*, 473 U.S. 134, 105 S. Ct. 3085 (1985) and *Varity*

*Corporation v. Howe*, 516 U.S. 489, 116 S. Ct. 1065 (1996).  This Court agrees that the

Supreme Court's decisions require the dismissal of Counts II through V of Plaintiff's

complaint.

Plaintiff's breach of fiduciary duty claims are premised on 29 U.S.C. §§

1132(a)(2) and (3).[1]  Section 1132(a)(2) permits a plan participant to seek relief for

violations of 29 U.S.C. § 1109.  29 U.S.C. § 1132(a)(2).  In *Russell*, the Supreme Court

held that Section 1109 provides relief only for a plan and not for individual participants.

473 U.S. at 140-44, 105 S. Ct. at 3089-91.  Based on the Supreme Court's decision, the

Sixth Circuit has held that a plaintiff may not recover under Section 1109 for personal

losses suffered as a result of poor management of an ERISA plan.  *See, e.g., Richards v.*

---

[1]In her complaint, Plaintiff also refers to 29 U.S.C. § 1104.  This section sets forth the duties of a fiduciary.  29 U.S.C. § 1109 establishes the liability of a fiduciary for breach of its fiduciary duties and 29 U.S.C. § 1132 grants a participant the authority to file a civil action for relief under Section 1109.

*Gen. Motors Corp.*, 991 F.2d 1227 (6th Cir. 1993).

With respect to Section 1132(a)(3), in *Varity* the Supreme Court held that this section "offer[s] appropriate equitable relief for injuries caused by violations that [Section 1132] does not elsewhere adequately remedy."  516 U.S. at 512, 116 S. Ct. at 1078. Plaintiff is provided a remedy for her alleged injury in Section 1132(a)(1)(B), which allows her to bring a lawsuit to challenge the denial of benefits to which she believes she is entitled.  She therefore cannot state a cause of action under Section 1132(a)(3).

In her claim alleging violations of the Michigan Consumer Protection Act, Plaintiff states that Defendant "engage[d] in unfair, unconscionable, or deceptive methods, acts or practices in the conduct of their transactions with [Plaintiff]."  *See* Compl. ¶ 38.  The only "misconduct" Plaintiff identifies throughout her complaint is Defendant's treatment of her request for long term disability benefits.  State law claims, however, based upon the administration or terms of an ERISA plan are preempted by ERISA.  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48, 107 S. Ct. 1549 (1987); *see also* 29 U.S.C. § 1144.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss is **GRANTED**;

3

4

**IT IS FURTHER ORDERED**, that Counts II through V of Plaintiff's complaint

are **DISMISSED WITH PREJUDICE**.


_____
PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
James P. Hollihan, Esq.
David B. Grant, Esq.